UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-20202/GAYLES

ANTHONY G. FERRETTI,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant NCL (Bahamas), Ltd.'s ("NCL" or "Defendant") Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") [ECF No. 43]. The Court has carefully reviewed the Motion, the record, and the applicable law. For the reasons discussed below, the Motion is granted in part and denied in part.

**I.    BACKGROUND**[1]

This is a maritime personal injury action. On June 14, 2017, Plaintiff Anthony G. Ferretti ("Ferretti" or "Plaintiff") filed his Amended Complaint against NCL setting forth the following causes of action: Count I – Negligence, Count II – Negligent Selection and Hiring, Count III – Vicarious Liability (Agency), and Count IV – Vicarious Liability (Apparent Agency). Plaintiff alleges that NCL is liable for injuries he sustained on the "Maui Beach Day" shore excursion during the course of a cruise on the NCL vessel, *Pride of America*. Plaintiff alleges that NCL marketed and sold the excursion to its passengers and that NCL, through its actual or apparent agents or employees, controlled or had the right to the control the excursion.

---

[1] The Court must accept Plaintiff's allegations, set forth below, as true for purposes of this motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

Plaintiff alleges the excursion operator, non-party Beach Club Maui, Inc. ("Beach Club Maui"), was NCL's actual agent because NCL and Beach Club Maui consented to Beach Club Maui acting as NCL's agent to operate the excursion, conduct inspections, and ensure compliance with NCL's standards including those found in the "Norwegian Cruise Line Tour Operator Procedure and Policies." Plaintiff alleges NCL had the right to control Beach Club Maui with respect to the operation of the beach excursion in question and the execution of Beach Club Maui's duties pursuant to NCL's procedures, policies, and standards.

In the alternative, Plaintiff contends that Beach Club Maui was NCL's apparent agent because their words and conduct caused Plaintiff to believe that Beach Club Maui had authority to act for NCL with respect to the operation of the shore excursion. Plaintiff alleges NCL promoted, vouched for, and/or recommended the excursion to passengers through the NCL website (www.ncl.com) and use of its logo. Plaintiff states that he went on the shore excursion under a justifiable belief that it was an NCL excursion and operated by an agent of NCL.

Plaintiff alleges he purchased and booked the excursion from NCL. Plaintiff alleges he relied on NCL's website to book the excursion. The website described the excursion as an "Activity Level 1," stating that it would "involve walking over relatively level terrain, possibly some cobblestone, gravel, or a few steps" and that "[c]omfortable shoes are recommended." Plaintiff alleges that the only warning provided to him by Beach Club Maui during the excursion was to not turn his back to the surf, for which he complied. He alleges that while walking parallel to the shoreline, holding hands with his wife, a large wave broke approximately 10 feet away from him with sufficient force to pull him under the water. Plaintiff landed on his head resulting in spinal cord injuries and paralysis. Plaintiff alleges NCL had actual or constructive notice of an unreasonably dangerous condition because "in the 24-hour period prior to [Plaintiff's] injuries,

the local hospital treated at least ten other spinal cord injuries from the beach in question among others."

## II. LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016).

## III. DISCUSSION

### A. Relation Back of Amendments

NCL argues that paragraphs 27(b)-(c) of Plaintiff's negligence claim and Plaintiff's actual and apparent agency claims should be dismissed as time-barred because they do not relate back to the initial Complaint [ECF No. 1]. Otherwise time-barred allegations will relate back to the date of an earlier pleading if the amended pleading "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *See* Fed. R. Civ. P. 15(c)(1)(B). The Court will deny NCL's motion to dismiss on this ground because it finds that the negligence and agency claims in the Amended Complaint arose out of the same conduct, transactions, or occurrences set forth in the initial Complaint. *See* [ECF No. 1,

¶44(j), (k), (m), (r); ¶¶55, 73].

## B. Negligence Claim (Count I)

Defendant raises several arguments as to why Plaintiff's negligence claim must be dismissed. The Court addresses each argument in turn.

### i. Duty

As a cruise ship operator, Defendant owes its passengers a duty of "reasonable care under the circumstances." *Pucci v. Carnival Corp.*, 146 F. Supp. 3d 1281, 1286 (S.D. Fla. 2015). Defendant moves to dismiss paragraphs 27(b)-(c) of Plaintiff's negligence claim on the grounds they are based on duties that are not owed by Defendant under the applicable law. Paragraphs 27(b)-(c) allege that Defendant was negligent in "failing to enforce policies and procedures the excursion was required to follow pursuant to the Standard Shore Excursion Agreement" and in "failing to adopt policies and procedures for participants of the excursion to ensure that passengers were aware of the propensity of waves in the subject beach to break in the manner they did." [ECF No. 32, ¶27(b)-(c)]. Defendant argues it had no duty to adopt or enforce any policies or procedures with respect to the subject excursion, and that the *only* duty it owed to Plaintiff while he was on shore was to warn of known dangers in places where Plaintiff was invited or reasonably expected to visit.

Defendant's argument relies principally on *Thompson v. Carnival Corp.*, which states that "[o]nce the passenger leaves the ship, a cruise ship operator 'only owes its passengers a duty to warn of known dangers in places where passengers are invited or reasonably expected to visit.'" *Thompson*, 174 F. Supp. 3d 1327, 1340 (S.D. Fla. Mar. 30, 2016) (citations omitted). However, as noted in *Thompson*, courts within the Southern District of Florida have reached different conclusions with respect to whether a cruise operator may owe a passenger on a shore excursion additional duties beyond the duty to warn. *See Thompson*, 174 F. Supp. 3d at 1342 (citing

4

competing cases). In *Pucci,* the court rejected the notion that the duty to warn was the only duty owed to a passenger while off of the ship. *Pucci,* 146 F. Supp. 3d at 1287 n.4. The *Pucci* court found that while the duty to warn is generally the most relevant duty regarding shore excursions, "a cruise ship might have additional obligations under the 'reasonable care' standard, if, for example, there is an agency relationship between the cruise ship and the excursion operator." *Id.* (citing *Nielsen v. MSC Crociere, S.A.*, No. 10–62548–CIV, 2011 WL 12882693, at *4–6 (S.D. Fla. June 24, 2011)) (declining to dismiss a negligence claim against a cruise company arising from a shore excursion where plaintiff claimed the cruise company owed numerous duties due to its relationship with the excursion operator; and noting "which alleged duties may ultimately apply to Defendants will depend on which theories of liability (*i.e.,* partnership, agency—actual or apparent, common carrier liability) that Plaintiff is able to prove"). While this issue has not been dispositively addressed by the Eleventh Circuit, in *Wolf v. Celebrity Cruises, Inc.,* also cited in Defendant's motion to dismiss, the Eleventh Circuit stated that the "duty to exercise reasonable care under the circumstances . . . . *includes* 'a duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit.'" *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 794 (11th Cir. 2017) (emphasis added) (citing *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1233 (11th Cir. 2014)). The *Wolf* court did not state, as represented in Defendant's motion to dismiss [ECF No. 43, p. 5-6], that the duty to warn was the "only" duty owed to a passenger while on shore.

Here, Plaintiff has alleged multiple theories of liability against Defendant. As such, the determination of what duties Defendant owed to Plaintiff will depend on which theories of liability Plaintiff is ultimately able to prove. *Nielsen*, 2011 WL 12882693 at *6. Therefore, the Court declines, at this time, to dismiss the enumerated duties beyond the duty to warn in "line-item fashion." *Pucci,* 146 F. Supp. 3d at 1287.

### ii. Open and Obvious Danger Doctrine

Defendant argues that Plaintiff's negligence claim should be dismissed because "natural bodies of water generally, and the seas and riptides specifically, are obvious to all and no duty to warn exists." *Bernard v. World Learning Inc.*, No. 09-20309-CIV, 2010 WL 11505188, at *8 (S.D. Fla. June 4, 2010); *Balachander v. NCL (Bahamas) Ltd.*, 800 F. Supp. 2d 1196, 1203 (S.D. Fla. 2011) (finding that the dangers of swimming in the ocean are open and obvious as a matter of law), *abrogated on other grounds by Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014). However, based on the allegations in this case that a large wave broke approximately 10 feet away from Plaintiff while walking parallel to the shoreline with sufficient force to pull him under water, this argument is not appropriate at the motion to dismiss stage because the "'open and obvious' question requires a context specific inquiry and necessitates development of the factual record before the Court can decide whether, as a matter of law, the danger was open and obvious." *Joseph v. Carnival Corp.*, No. 11-20221-CIV, 2011 WL 3022555, at *4 (S.D. Fla. July 22, 2011) (quoting *Prokopenko v. Royal Caribbean Cruises Ltd.*, No. 10–20068–CIV–HUCK, 2010 WL 1524546 at *3 (S.D. Fla. Apr. 15, 2010)). Given the facts alleged regarding the size and force of the wave in question, the Court declines to dismiss Plaintiff's negligence claim based on an open and obvious danger theory.

### iii. Notice of the Hazardous Condition

Irrespective of what ultimate duties Defendant owed to Plaintiff, the standard of reasonable care "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Thompson*, 174 F. Supp. 3d at 1340 (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)). To establish notice, Plaintiff alleges that Defendant "knew or should have known that the beach in question would have conditions which were hazardous" because "in the 24-hour period prior to Mr. Ferretti's injuries,

6

the local hospital treated at least 10 other spinal cord injuries from the beach in question among others." [ECF No. 32, ¶¶ 24, 28]. These allegations, without more, are insufficient to establish that Defendant had actual or constructive notice regarding any dangerous condition at the beach in question. There are no allegations that the alleged prior spinal cord injuries occurred in the same manner that caused Plaintiff's injuries. There are also no allegations that the persons who suffered the alleged prior spinal cord injuries were Defendant's passengers, or that Defendant, as opposed to the "local hospital," was aware of these prior injuries in any way.

As Plaintiff has failed to adequately allege notice, Plaintiff's negligence claim is dismissed without prejudice.

### C. Negligent Selection and Hiring (Count II)

To state a claim for negligent selection or hiring of an independent contractor, a plaintiff must allege that: "(1) the contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *Wolf*, 683 F. App'x at 796; *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1318 (S.D. Fla. 2011). In negligent selection or hiring cases, the critical issue is whether the principal knew or should have known about the contractor's unfitness at the time the contractor was hired. *See Garcia v. Duffy*, 492 So. 2d 435, 438 (Fla. 2d DCA 1986) (stating that "the issue of liability primarily focuses upon the adequacy of the employer's pre-employment investigation into the employee's background.").

Here, Plaintiff has failed to adequately allege a claim for negligent selection or hiring. Plaintiff's allegation that Beach Club Maui was unfit to provide beach excursion services is conclusory and unsupported by any factual allegations. *Gayou v. Celebrity Cruises, Inc.,* No. 11-23359-CIV, 2012 WL 2049431, at *5 (S.D. Fla. June 5, 2012) (dismissing plaintiff's claim

7

because the elements of negligent hiring or retention were not "supported by any relevant facts"). There is similarly no factual support for Plaintiff's allegations that Defendant failed to properly vet or investigate Beach Club Miami before hiring it. Critically, Plaintiff does not allege any improper or unsafe conduct by Beach Club Maui, prior to being hired by Defendant, that would have put Defendant on notice of any alleged lack of fitness. Plaintiff's allegation that Defendant was negligent in hiring Beach Club Maui, because Beach Club Maui allegedly failed to provide a proper warning *in this case*, is wholly insufficient to state a claim because that information could not have been available to Defendant at the time it hired Beach Club Maui. Accordingly, Plaintiff's negligent selection and hiring claim is dismissed without prejudice.

**D. Vicarious Liability Based on Agency and Apparent Agency (Counts III and IV)**

As an initial matter, actual and apparent agency are not independent causes of action, but are instead theories of liability. *See Gayou*, 2012 WL 2049431, at *8 n.4; *Barabe v. Apax Partners Europe Managers, Ltd.*, 359 F. App'x 82, 84 (11th Cir. 2009) (holding that there is no cause of action for "agency"). Nevertheless, the Court will construe these claims as Plaintiff attempting to hold Defendant vicariously liable for the negligence of Beach Club Maui based on agency theories of liability.

To hold a principal vicariously liable under an agency theory of liability, a plaintiff must sufficiently allege the elements of agency in addition to the elements of the underlying negligent act of the agent for which the plaintiff seeks to hold the principal liable. *Rojas v. Carnival Corp.*, 93 F. Supp. 3d 1305, 1310–11 (S.D. Fla. 2015). The Court finds that Plaintiff has failed to state an underlying negligence claim against Beach Club Maui because Plaintiff has failed to allege that Beach Club Maui had actual or constructive notice of a dangerous condition at the beach in question. Because Plaintiff's agency claims are due to be dismissed irrespective of whether he has adequately alleged actual or apparent agency, the Court will not address the

substantive allegations of these claims. *See Rojas*, 93 F. Supp. 3d at 1311; *Zapata v. Royal Caribbean Cruises, Ltd.,* No. 12-21897-CIV, 2013 WL 1296298, at *5 (S.D. Fla. Mar. 27, 2013) (ruling that since the "factual allegations warranted the dismissal without prejudice of Plaintiff's negligence claim," the plaintiff's agency claim must also be dismissed); *Brown v. Carnival Corp., et al.*, 202 F. Supp. 3d 1332, 1340 (S.D. Fla. 2016) (finding that because "Plaintiff has failed to state a plausible negligence claim, Plaintiff's claim for apparent agency also fails.").

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that

1. Defendant's Motion to Dismiss [ECF No. 43] is **GRANTED in part and DENIED in part**.

2. Plaintiff's Amended Complaint [ECF No. 32] is **DISMISSED without prejudice**. Plaintiff may amend his Complaint within twenty (20) days of the date of this Order. If he fails to do so, the Court will dismiss this action *with prejudice* and close the case

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of March, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE