UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-20202-GAYLES/OTAZO-REYES

**ANTHONY G. FERRETTI, JR.,**

    **Plaintiff,**

v.

**NCL (BAHAMAS) LTD.,**

    **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion") [ECF No. 74].[1] The Court has carefully reviewed the Motion, the record, and the applicable law. For the reasons discussed below, the Motion is granted.

**I.    BACKGROUND**[2]

This is a maritime personal injury action. On April 16, 2018, Plaintiff Anthony G. Ferretti, Jr. ("Plaintiff"), filed his Second Amended Complaint [ECF No. 69] against Defendant NCL (Bahamas) Ltd. ("Defendant") setting forth the following causes of action: Count I – Negligence, Count II – Negligent Selection and Hiring, Count III – Vicarious Liability (Agency), and Count IV – Vicarious Liability (Apparent Agency). Plaintiff alleges that Defendant is liable for injuries he sustained on the "Maui Beach Day" shore excursion during the course of a cruise on the Defendant's vessel, *Pride of America*. Plaintiff alleges that Defendant marketed and sold

---

[1] Although the Motion is titled "Motion to Dismiss Plaintiff's Second Amended Complaint," Defendant seeks dismissal of only Count II, which asserts a negligent selection and hiring claim against Defendant.

[2] The Court must accept Plaintiff's allegations, set forth below, as true for purposes of this motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

the excursion to its passengers and that Defendant, through its actual or apparent agents or employees, controlled or had the right to control the excursion.

Plaintiff alleges the excursion operator, non-party Beach Club Maui, Inc. ("Beach Club Maui"), was Defendant's actual agent because Defendant and Beach Club Maui consented to Beach Club Maui acting as Defendant's agent to operate the excursion, conduct inspections, and ensure compliance with Defendant's standards including those found in the "Norwegian Cruise Line Tour Operator Procedure and Policies." Plaintiff alleges Defendant had the right to control Beach Club Maui with respect to the operation of the beach excursion in question and the execution of Beach Club Maui's duties pursuant to Defendant's procedures, policies, and standards.

In the alternative, Plaintiff contends that Beach Club Maui was Defendant's apparent agent because their words and conduct caused Plaintiff to believe that Beach Club Maui had authority to act for Defendant with respect to the operation of the shore excursion. Plaintiff alleges Defendant promoted, vouched for, and/or recommended the excursion to passengers through the Defendant's website (www.ncl.com) and use of its logo. Plaintiff states that he went on the shore excursion under a justifiable belief that it was Defendant's excursion and operated by an agent of Defendant.

Plaintiff alleges he purchased and booked the excursion from Defendant. Plaintiff alleges he relied on Defendant's website to book the excursion. The website described the excursion as an "Activity Level 1," stating that it would "involve walking over relatively level terrain, possibly some cobblestone, gravel, or a few steps" and that "[c]omfortable shoes are recommended." [ECF No. 69 ¶ 17]. Plaintiff alleges that the only warning provided to him by Beach Club Maui during the excursion was to not turn his back to the surf, with which he complied. He alleges that while walking parallel to the shoreline, holding hands with his wife, a

large wave broke approximately 10 feet away from him with sufficient force to pull him under the water. Plaintiff landed on his head resulting in spinal cord injuries and paralysis. Plaintiff alleges Defendant had actual or constructive notice of an unreasonably dangerous condition because "in the 24-hour period prior to [Plaintiff's] injuries, the local hospital treated at least 10 other spinal cord injuries from the beach in question among others." [*Id*. ¶ 25]. Plaintiff alleges that Beach Club Maui complied with its contractual obligation to provide Defendant with safety reports concerning previous injuries to individuals on the subject beach, thereby placing Defendant on notice of prior injuries. In the alternative, Plaintiff alleges Beach Club Maui failed to provide the contractually required reports and Defendant failed to follow-up with Beach Club Maui regarding its failure to provide the required reports.

## II. LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 556 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016).

## III. DISCUSSION

### A. Negligent Selection and Hiring (Count II)

As an initial matter, negligent selection or hiring and negligent retention are separate and distinct causes of action. To state a claim for negligent selection or hiring of an independent contractor, a plaintiff must allege that: "(1) the contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 796 (11th Cir. 2017) (quoting *Davies v. Commercial Metals Co.*, 46 So. 3d 71, 74 (Fla. 5th DCA 2010)). In negligent selection or hiring cases, the critical issue is whether the principal knew or should have known about the contractor's unfitness before or at the time the contractor was hired. *Garcia v. Duffy*, 492 So. 2d 435, 438 (Fla. 2d DCA 1986) (stating that "the issue of liability primarily focuses upon the adequacy of the employer's pre-employment investigation into the employee's background"). On the other hand, to state a claim for negligent retention, a plaintiff must allege that "*during the course of employment*, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." *Id.* at 438-39. Thus, allegations that may be sufficient to state a claim for negligent retention will not be sufficient to state a claim for negligent hiring.

Here, Plaintiff has for the third time failed to adequately allege a claim for negligent selection or hiring. Plaintiff alleges "[t]he excursion operator was unfit or incompetent to provide beach excursion services and [Defendant] knew or reasonably should have known of its lack of fitness." [ECF No. 69 ¶ 46]. However, Plaintiff does not allege how Beach Club Maui was incompetent or unfit to operate the shore excursion at the time it was hired by Defendant or why Defendant knew or should have known of that deficiency prior to hiring Beach Club Maui. Further,

4

Plaintiff provides no factual allegations indicating that Defendant conducted a deficient investigation into Beach Club Maui's fitness prior to hire. While Plaintiff alleges that Defendant failed to properly investigate/vet Beach Club Maui, [*id.* ¶ 47(a)-(c)], these allegations are temporally ambiguous and Plaintiff's Response [ECF No. 75] provides no further clarity. The Court is unable to determine whether Plaintiff is alleging that Defendant failed to investigate Beach Club Maui's policies before Beach Club Maui was hired or after. Accordingly, Plaintiff's claim for negligent selection and hiring is dismissed without prejudice.

### B. Amendment of Claim Through Opposition Brief and Relation Back of Amendments

Perhaps recognizing that he has failed to state a claim for negligent hiring, Plaintiff's Response argues that his allegations are nonetheless sufficient to state a claim for negligent retention. The problem for Plaintiff is that the Second Amended Complaint does not contain a count setting forth a separate claim for negligent retention, and Plaintiff has not properly moved for leave to add such a claim. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1222 (11th Cir. 1999) (per curiam) (finding that "[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly"). The proper procedure to assert a new claim is to move for leave to amend the complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure. *Davis v. Cothern*, 482 F. App'x 495, 497 (11th Cir. 2012). Because Plaintiff has not followed this procedure, the Court declines to consider whether Plaintiff has stated a valid claim for negligent retention.

Nevertheless, in an apparent effort to stave off a future attempt by Plaintiff to assert a negligent retention claim, Defendant argues in its Reply [ECF No. 76] that such an attempt would be time-barred because the allegations needed to support a negligent retention claim would not relate back to Plaintiff's initial Complaint. Otherwise time-barred allegations will relate back to the date of an earlier pleading if the amended pleading "asserts a claim or defense that arose out of the

conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). According to the Eleventh Circuit, "[t]he critical issue in [relation back] determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." *Moore v. Baker,* 989 F.2d 1129, 1131 (11th Cir. 1993). "When new or distinct conduct . . . [is] alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed." *Id.* (quoting *Holmes v Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir. 1985)). Defendant argues that a negligent retention claim would not relate back because Plaintiff would now need to plead "new facts, not pled in his original Complaint" in order to state a claim. [ECF No. 76, at 5].

The Court disagrees. While the phrase "negligent retention" was not used in the initial Complaint, the allegations in the initial Complaint gave Defendant notice that Plaintiff was seeking to hold it liable under a theory of negligent retention. [*See* ECF No. 1, ¶¶ 36, 44(c), (d), (j), (l), (m), (y)]. For example, the initial Complaint alleges that Defendant "[failed] to adequately monitor, supervise and audit the ongoing operations of its tour operator partner, MAUI BEACH CLUB, to ensure it was using safe, proper and appropriate equipment, properly trained and competent personnel, and proper and safe procedures to provide a reasonably safe excursion for Plaintiff and cruise passengers" and "[failed] to properly and adequately inspect, investigate, screen, select and retain the services of its tour operator partner, MAUI BEACH CLUB, to ensure it was operating and running a reasonably safe excursion." [*Id.* ¶ 44(c), (d)]. These allegations, along with those previously mentioned, were sufficient to put Defendant on notice of a potential negligent retention claim.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that

1. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 74] is **GRANTED**.

2. Count II of Plaintiff's Second Amended Complaint [ECF No. 69] is **DISMISSED without prejudice**. Plaintiff may amend his Complaint within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of June, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE