UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-20202-GAYLES/OTAZO-REYES

ANTHONY G. FERRETTI, JR.,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint ("Motion") [ECF No. 88]. The Court has considered the parties' written submissions, the arguments of the parties, and the applicable law. For the reasons set forth below, the Motion is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

### A. Facts[1]

This is a maritime personal injury action. On July 3, 2018, Plaintiff Anthony G. Ferretti, Jr. ("Plaintiff") filed his Third Amended Complaint against Defendant NCL (Bahamas) Ltd. ("Defendant") setting forth the following causes of action: Count I for Negligence; Count II for Negligent Retention; Count III for Vicarious Liability (Agency); and Count IV for Vicarious Liability (Apparent Agency). [ECF No. 86]. Plaintiff alleges that Defendant is liable for injuries sustained on a "Maui Beach Day" shore excursion ("the excursion") operated by non-party Beach Club Maui, Inc. ("Beach Club Maui") during a cruise on Defendant's vessel, the *Pride of*

---

[1] The Court accepts Plaintiff's factual allegations as true for purposes of this Motion. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

1

*America*. Plaintiff further alleges that Defendant marketed and sold the excursion to its passengers and that Defendant, through its actual or apparent agents or employees, controlled or had the right to control the excursion.

In reliance on Defendant's website, Plaintiff booked and purchased the excursion from Defendant. The website labeled the excursion as an "Activity Level 1," stating that it would "involve walking over relatively level terrain, possibly some cobblestone, gravel, or a few steps" and that "[c]omfortable shoes [were] recommended." [ECF No. 86 ¶ 17] (internal quotation marks omitted). The only warning Plaintiff received from Beach Club Maui was to not turn his back to the surf, for which he complied. While walking parallel to the shoreline, a large wave broke approximately 10 feet away from Plaintiff with sufficient force to pull him under water. Plaintiff landed on his head and suffered spinal cord injuries that resulted in paralysis.

According to the Third Amended Complaint, Defendant had actual or constructive notice of the unreasonably dangerous condition because "in the 24-hour period prior to [Plaintiff's] injuries, the local hospital treated at least 10 other spinal cord injuries from the beach in question among others." [ECF No. 86 ¶ 25]. Beach Club Maui provided Defendant with contractually required safety reports concerning previous injuries to individuals on the subject beach, thereby placing Defendant on notice. In the alternative, Beach Club Maui failed to provide the required reports and Defendant failed to follow-up with Beach Club Maui regarding the reports. Defendant also failed to provide pre-excursion warnings and hazard instructions, failed to enforce policies and procedures that Beach Club Maui was required to follow pursuant to the Standard Shore Excursion Agreement, failed to warn passengers of specific shore break hazards, and failed to adopt policies and procedures for excursion participants.

Plaintiff alleges that Defendant is to retain the services of competent and careful contractors, and that, as a result, Defendant knew or reasonably should have known that Beach Club Maui was unfit for employment but failed to terminate them. Defendant failed to designate an employee to investigate, monitor, discharge, or reassign Beach Club Maui once it was unfit to provide excursion services. Defendant failed to investigate Beach Club Maui's policies and procedures with respect to warning passengers of shore breaks in Hawaii, particularly when Defendant knew or should have known the policies and procedures did not exist. Defendant also failed to maintain any safety records of prior incidents or allowed Beach Club Maui to destroy such records.

In addition, the Third Amended Complaint states that, at all relevant times to the matter, Defendant and Beach Club Maui engaged in an agency relationship in which Defendant, as principal, consented to Beach Club Maui as its agent with respect to the excursion. Through the agency relationship, Defendant consented to Beach Club Maui operating the excursion, conducting inspections, and ensuring compliance with Defendant's standards, including those outlined in the "Norwegian Cruise Line Tour Operator Procedure and Policies." As principal, Defendant had the right to control Beach Club Maui with respect to the operation of the excursion and the execution of Beach Club Maui's duties pursuant to Defendant's policies, procedures, and standards. Beach Club Maui, as Defendant's agent, failed to obtain information from local authorities regarding daily shore break conditions, failed to warn Plaintiff of previous injuries at the subject beach, and failed to warn Plaintiff of potentially hazardous conditions known or present.

In the alternative, the Third Amended Complaint contends that at all relevant times, Defendant and Beach Club Maui engaged in an apparent agency relationship in which Beach

Club Maui operated within the scope of its apparent authority as a cruise excursion operator. As a result of such authority, Beach Club Maui's words and conduct caused Plaintiff to believe that Beach Club Maui had the authority to act for Defendant with respect to operating the shore excursion. Defendant promoted, vouched for, and/or recommended the excursion to passengers through Defendant's website and logo. Plaintiff participated in the shore excursion under a belief that the excursion was Defendant's and was operated by Defendant's agent.

## B. Procedural Background

Plaintiff initially filed an action before the Court in 2017 against Defendant and Beach Club Maui, based on the injuries sustained on the excursion. On May 2, 2017, Plaintiff voluntarily dismissed his claims related to Beach Club Maui in that action. Plaintiff then filed an action on January 4, 2018, in the State of Hawaii Circuit Court for the Second Circuit (Maui) against Beach Club Maui for the excursion injuries. On January 8, 2018, Plaintiff again voluntarily withdrew his action against Beach Club Maui in Hawaii state court subsequent to filing the same action in the United States District Court of Hawaii ("Hawaii District Court"). Beach Club Maui then moved to dismiss the Hawaii District Court action on March 23, 2018, arguing that Plaintiff was barred from bringing the action under Federal Rule of Civil Procedure 41(a)(1). *See* Fed. R. Civ. P. 41(a)(1). On June 21, 2018, the Hawaii District Court granted Beach Club Maui's Motion to Dismiss with prejudice, barring Plaintiff from bringing claims against Beach Club Maui under Federal Rule of Civil Procedure 41(a)(1). *See Ferretti v. Beach Club Maui, Inc.*, Civ. No. 18-00012, 2018 WL 3078742 (D. Haw. June 21, 2018); Fed. R. Civ. P. 41(a)(1).

Defendant now seeks to dismiss several counts in the present action, arguing that Plaintiff's claims against Defendant based on vicarious liability are precluded by the Hawaii

District Court decision. *See* [ECF No. 88]. Defendant also asks the Court to reconsider its previous ruling as to Plaintiff's negligent retention claim, again alleging that the claim is time-barred. *See id.*

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555) (alteration added). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016) (internal citation omitted); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Defendant argues in its Motion that Paragraph 36(b) of Count I ("Paragraph 36(b)"), Count II, Count III, and Count IV of Plaintiff's Third Amended Complaint should be dismissed with prejudice. Defendant bases its request on the Hawaii District Court ruling dismissing with prejudice Plaintiff's action against Beach Club Maui as a result of Plaintiff voluntarily withdrawing two separate complaints in state and federal court. *See Ferretti*, 2018 WL 3078742. In the alternative, Defendant argues in its Motion that Count II should be dismissed with prejudice as time-barred. Although the Court previously decided this issue, *see* [ECF No. 81 at 5–6], Defendant again argues that Plaintiff's negligent retention claim does not relate back to the original complaint because it contains new allegations not previously pled.

**A. Paragraph 36(b), Count II, Count III, and Count IV as Precluded by the Hawaii District Court Decision**

As to Paragraph 36(b), Count II, Count III, and Count IV of the Third Amended Complaint, Defendant argues that it cannot be held vicariously liable for any negligence claims brought by Plaintiff against Beach Club Maui due to the Hawaii District Court ruling, which relied on the "two-dismissal rule" found in Federal Rule of Civil Procedure 41(a)(1). *See* Fed. R. Civ. P. 41(a)(1). Plaintiff counters this argument by relying on the doctrines of claim and issue preclusion, arguing that while claims against Beach Club Maui may be barred by the Hawaii District Court ruling, claims against Defendant with underlying issues related to Beach Club Maui are not. As explained below, Plaintiff is only barred from bringing the agency claims found in Count III and Count IV of the Third Amended Complaint as *res judicata*.

The doctrine of claim preclusion, or *res judicata*, "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Sealey v. Branch Banking & Trust Co.*, 693 F. App'x 830, 833 (11th Cir. 2017) (quoting *Citibank, N.A. v. Data Lease Fin. Corp.*,

6

904 F.2d 1498, 1501 (11th Cir. 1990) (internal quotation marks omitted)). *See also Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013) (stating that claim preclusion "bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties."). Four elements must be established for claim preclusion to bar a subsequent action: (1) a final judgment on the merits must be announced; (2) the prior decision must be rendered by a court of competent jurisdiction; (3) the parties or their privies must be identical in both suits; and (4) both cases must involve the same causes of action. *See Sealey*, 693 F. App'x at 833 (citations omitted); *Lobo*, 704 F.3d at 892 (citations omitted); *Florida Transp. Service, Inc. v. Miami-Dade County*, 757 F. Supp. 2d 1260, 1271 (S.D. Fla. 2010) ("For res judicata to apply, there must be (1) an identity of the 'thing' sued for; (2) an identity of the cause of action; (3) an identity of the parties to the action; and (4) an identity of the quality or capacity of the persons for or against which the claim is made.") (citation omitted).

"[A] federal court must apply federal law to determine the preclusive effect of a prior federal court decision." *Citibank*, 904 F.2d at 1501. Because Defendant's motion is based on Federal Rule of Civil Procedure 41(a)(1), the Court applies federal law to determine Rule 41(a)(1)'s preclusive effect. *Sealey*, 693 F. App'x at 833 (citing *Citibank*, 904 F.2d at 1501 ("[F]ederal law defines the preclusive effect of a Rule 41(a) dismissal.")). Federal Rule of Civil Procedure 41(a)(1) states in relevant part that a "plaintiff may dismiss an action without a court order . . . [,] [b]ut if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1). Known as the "two-dismissal rule," the rule is designed to "prevent unreasonable abuse of the plaintiff's unilateral right to dismiss an action." *Sealey*, 693 F. App'x at 834 (citing *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999)).

7

The first two elements of the claim preclusion analysis are not in dispute here. The Hawaii District Court, a court of competent jurisdiction, announced and rendered a final judgment on the merits based on Federal Rule of Civil Procedure 41(a)(1) following Plaintiff's voluntary dismissal of a federal and state claim against Beach Club Maui. *See Ferretti*, 2018 WL 3078742. *See also* Fed. R. Civ. P. 41(a)(1). Therefore, the Hawaii District Court decision acts as a final "adjudication on the merits." Fed. R. Civ. P. 41(a)(1). *See also Sealey*, 693 F. App'x at 833 (citations omitted).

With respect to the third element, Defendant contends that the Hawaii District Court ruling effectively bars Plaintiff from bringing claims for vicarious liability against Defendant because of Beach Club Maui's alleged negligence. A nonparty is generally "not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008) (citations omitted) (internal quotation marks removed); *Sealey*, 693 F. App'x at 833 (citations omitted); *Griswold v. County of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010) (citations omitted). However, if a nonparty is in privity with a party to a judgment, the nonparty is bound by such judgment. The Eleventh Circuit has held that privity exists in six circumstances:

> (1) the nonparty agreed to be bound by the litigation of others; (2) a substantive legal relationship existed between the person to be bound and a party to the judgment; (3) the nonparty was adequately represented by someone who was a party to the suit; (4) the nonparty assumed control over the litigation in which the judgment was issued; (5) a party attempted to relitigate issues through a proxy; or (6) a statutory scheme foreclosed successive litigation by nonlitigants.

*Grayson v. Warden, Comm'r, Alabama Doc*, 869 F.3d 1204, 1224 (11th Cir. 2017) (citations omitted); *Griswold*, 598 F.3d at 1292 (citing *Taylor*, 553 U.S. at 894–95). *See also Sealey*, 693 F. App'x at 835 (citations omitted).

8

Although the Hawaii District Court decision pertained only to Beach Club Maui, the adjudicative effect of the decision may be extended to Defendant because of the "substantive legal relationship [that] existed between" Defendant and Beach Club Maui at the time of the events. Both parties to this suit have acknowledged that a substantive legal relationship existed between Defendant and Beach Club Maui. *See, e.g.*, [ECF No. 86 ¶ 19] ("At all times material, [Defendant] as principal . . . consented to [Beach Club Maui] acting as its agent . . . [and Beach Club Maui], as agent, similarly consented to act on behalf of [Defendant] . . . ."); [ECF No. 98 at 4] ("[Defendant] cannot be held vicariously liable for the negligent acts of [Beach Club Maui] if [Beach Club Maui] was not negligent."). Similarly, Defendant "marketed and sold excursions to its passengers" and "acknowledged in writing that guests [would] choose their excursion on the basis of the description . . . on [Defendant's] website." [ECF No. 86 ¶¶ 15, 18]. Thus, privity can be established between Defendant and Beach Club Maui such that Plaintiff is barred from bringing forth certain claims against Defendant that he would be barred from bringing against Beach Club Maui as a result of the Hawaii District Court decision. *See Sealey*, 693 F. App'x at 835 (citing *Griswold*, 598 F.3d at 1292–93).

As to the fourth element of the claim preclusion analysis, only those claims in the Third Amended Complaint that assert the same causes of action as those decided in the Hawaii District Court ruling must be dismissed. Under the "transactional" approach followed by the Eleventh Circuit, a subsequent litigation asserts the same cause of action as a prior litigation if the case "arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action . . . ." *Baloco v. Drummond Co., Inc.*, 767 F.3d 1229, 1247 (11th Cir. 2014) (quoting *Griswold*, 598 F.3d at 1293) (internal quotation marks omitted). However, only claims that could have been advanced in the prior litigation are barred under the doctrine of claim

9

preclusion. *See Griswold*, 598 F.3d at 1293 (citations omitted). Thus, the Court "'must look to the factual issues to be resolved [in the second cause of action], and compare them with the issues explored in' the first cause of action." *Citibank*, 904 F.2d at 1503 (citations omitted) (alterations in original).

As to Count III and Count IV of the Third Amended Complaint, Plaintiff's agency claims against Defendant for Beach Club Maui's alleged negligence necessarily involve the same cause of action because Defendant and Beach Club Maui stand in privity with one another as to those claims. *See id.* Plaintiff here would be required to bring forth the same arguments and provide the same evidentiary proof that would have been necessary in the Hawaii District Court litigation to show that Beach Club Maui was negligent during the excursion that resulted in Plaintiff's injuries. Because Plaintiff's agency claims "involve the same causes of action" as those found in the Hawaii District Court decision, Count III and Count IV of the Third Amended Complaint are subject to claim preclusion. *See Sealey*, 693 F. App'x at 833 (citations omitted).

By contrast, Paragraph 36(b) and Count II of the Third Amended Complaint each do not present a cause of action that could have been brought during the Hawaii District Court litigation. Because that litigation was brought against Beach Club Maui alone, the scope of the Hawaii District Court ruling is limited to causes of action that could have been brought against Beach Club Maui. *See Griswold*, 598 F.3d at 1293 (citations omitted). As worded in the Third Amended Complaint, Paragraph 36(b) and Count II allege Defendant's duty and negligence in response to information Beach Club Maui provided and Beach Club Maui's alleged lack of fitness and competence. *See* [ECF No. 86 ¶¶ 36, 46]. Those claims present different factual issues than those presented in the Hawaii litigation. *See Griswold*, 598 F.3d at 1293 (citations omitted); *Citibank*, 904 F.2d at 1503 (citations omitted) (alterations in original). Whether or not

Beach Club Maui was negligent, the Plaintiff could reasonably present evidence reflecting Defendant's negligence in enforcing its policies and procedures against Beach Club Maui or in retaining Beach Club Maui as an excursion operator. Therefore, Paragraph 36(b) and Count II of the Third Amended Complaint are not subject to claim preclusion.

## B. Count II as Time-Barred

Defendant alternatively requests in its Motion that Count II of the Third Amended Complaint be dismissed as time-barred. Although previously decided, *see* [ECF No. 81 at 5–6], Defendant again argues that Plaintiff's negligent retention claim does not relate back to the original complaint and contains new allegations not originally pled. At this time, the Court chooses not to reconsider its decision as the determinations made in the prior Order remain valid. *See* [ECF No. 81]. As noted, the Court found a sufficient number of allegations in the original pleadings to put Defendant on notice that Plaintiff sought to hold it liable for the negligent retention of Beach Club Maui. *See id.* at 6 ("While the phrase 'negligent retention' was not used in the initial Complaint, the allegations in the initial Complaint gave Defendant notice that Plaintiff was seeking to hold it liable under a theory of negligent retention.") (citations omitted). Thus, Count II of the Third Amended Complaint is not time-barred.

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint [ECF No. 86] is **GRANTED** in part and **DENIED** in part. Counts III and IV are **DISMISSED with prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of November, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE